NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

No. 21-2173
_____

EDWARD HAYWOOD PAYNE, JR.,
Appellant

v.

PREVENTION POINT PHILADELPHIA, INC.; PREVENTION POINT
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 2-20-cv-04444)
District Judge:  Honorable Juan R. Sanchez

_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
February 11, 2022

Before: GREENAWAY, JR., PORTER and NYGAARD, <u>Circuit</u> <u>Judges</u>

(Opinion filed: March 15, 2022)
_____

**OPINION**[*]
_____

PER CURIAM

---

[*] This disposition is not an opinion of the full Court and pursuant to I.O.P. 5.7 does not constitute binding precedent.

Edward Payne appeals pro se from the District Court's order granting summary judgment in favor of Prevention Point Philadelphia, Incorporated ("Prevention Point"). Payne alleges discrimination and retaliation claims under Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq. For the reasons that follow, we will affirm the District Court's judgment.

I.

In 2018, Payne was a student in Temple University's Public Health program. The program required students to obtain internships in a related field. Payne was accepted as an intern at Prevention Point Philadelphia, an addiction rehabilitation facility, and he began his internship in June 2018. Prevention Point did not pay Payne and the organization coordinated management of various aspects of Payne's internship with Temple University staff. Payne was terminated early from his internship, in July 2018.

Payne alleged that he was terminated as retaliation for his complaints to supervisory staff about racial discrimination. Payne, who is African American, indicated that a Caucasian intern received preferable treatment and that a nonsupervisory employee required Payne to perform duties outside the scope of his required tasks. Payne brought his complaints to his supervisors at Prevention Point and to Temple staff but alleges that the treatment continued until his internship was terminated.

Payne brought this action against Prevention Point in 2020, alleging his termination was motivated by racial discrimination in violation of Title VII of the Civil

2

Rights Act of 1964 ("Title VII") and 42 U.S.C. § 1981. Prevention Point moved to dismiss the claims, arguing that Payne's § 1981 claims were untimely and that Payne had not established that that they had an employment relationship. The District Court granted this motion in part and dismissed the § 1981 claims against Prevention Point and denied the motion to dismiss the Title VII claims.

Payne then filed an amended complaint that was largely identical to his original complaint except that it focused only on the Title VII claims. Defendants then filed a motion for summary judgment, arguing that Payne could not establish that he was an employee under Title VII because he was an unpaid intern. The District Court granted the motion. Payne now appeals.

## II.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We review the District Court's summary judgment decisions de novo. See Blunt v. Lower Merion Sch. Dist., 767 F.3d 247, 265 (3d Cir. 2014). In doing so, we accept the factual allegations in Payne's complaint as true and construe those facts in the light most favorable to him. See id. Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A genuine dispute of material fact exists if the evidence is sufficient for a reasonable factfinder to return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). We construe Payne's

3

pro se filings liberally, see Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam), and

"may affirm a district court for any reason supported by the record." Brightwell v.

Lehman, 637 F.3d 187, 191 (3d Cir. 2011).

III.

A plaintiff alleging employment discrimination under Title VII must demonstrate

that an employment relationship existed with the defendant.[1] See Covington v. Int'l

Ass'n of Approved Basketball Officials, 710 F.3d 114, 119 (3d Cir. 2013); see also Univ.

of Tex. Sw. Med. Ctr. v. Nassar, 570 U.S. 338, 355-56 (2013) (citing 42 U.S.C. § 2000e-

2(a)-(d) and explaining that Title VII forbids discrimination by employers).

To determine whether Payne was an employee of Prevention Point, the test of

Nationwide Mutual Insurance Co. v. Darden, 503 U.S. 318 (1992), applies. See Faush v.

Tuesday Morning, Inc., 808 F.3d 208, 213 (3d Cir. 2015). As we have recently

explained, the Darden test helps draw a line between who is an employee for purposes of

Title VII and who is not. Faush, 808 F.3d at 215 (distinguishing an independent

contractor from an employee). Specifically, we explained:

> In determining whether a hired party is an employee under the general
> common law of agency, we consider the hiring party's right to control the
> manner and means by which the product is accomplished. Darden provides
> a non-exhaustive list of relevant factors, including the skill required; the

---

[1] Payne's amended complaint did not include his § 1981 claims, he has not identified the
order dismissing the § 1981 in his notice of appeal, and he did not challenge the order in
his brief. Accordingly, Payne has forfeited any challenge to the dismissal of that claim.
See M.S. ex rel. Hall v. Susquehanna Twp. Sch. Dist., 969 F.3d 120, 124 n.2 (3d Cir.
2020).

source of the instrumentalities and tools; the location of the work; the duration of the relationship between the parties; whether the hiring party has the right to assign additional projects to the hired party; the extent of the hired party's discretion over when and how long to work; the method of payment; the hired party's role in hiring and paying assistants; whether the work is part of the regular business of the hiring party; whether the hiring party is in business; the provision of employee benefits; and the tax treatment of the hired party.

Our Court has generally focused on which entity paid [the employees'] salaries, hired and fired them, and had control over their daily employment activities. However, [s]ince the common-law test contains no shorthand formula or magic phrase that can be applied to find the answer, . . . all of the incidents of the relationship must be assessed and weighed with no one factor being decisive.

Id. (citations and quotation marks excluded).

Payne was a student intern who was assigned to spend time shadowing employees at Prevention Point through a program at Temple University. Although some aspects of Payne's internship might suggest employment, the Darden factors weigh heavily against a finding that he was an employee. Strong evidence of Payne's status comes from his own admissions and evidence, including Payne's acknowledgment that he was not paid by Prevention Point, that he obtained the internship through a Temple program, rather than being hired, and that he was informed of his termination from the internship by Temple rather than by Prevention Point. See Id. (discussing importance as to whether an entity paid, hired, or fired an individual); Covington, 710 F.3d at 119 (rejecting employee status where entity did not hire or pay plaintiff).

5

Additionally, the documentation of Payne's internship further supports the conclusion that his time at Prevention Point was an educational experience rather than an employment relationship. This documentation includes an agreement with Temple regarding his time at Prevention Point; outlines detailing Payne's goals from the internship and how those goals informed his coursework at Temple; and evidence demonstrating that Temple staff coordinated management of Payne's internship with Prevention Point staff. Weighing all of these factors together, there is no basis to conclude that Payne was an employee of Prevention Point for purposes of Title VII.[2] See Faush, 808 F.3d at 214; Covington, 710 F.3d at 119.

Accordingly, we will affirm the judgment of the District Court.[3]

---

[2] The District Court determined that remuneration is a threshold requirement to qualify as an employee under Title VII and concluded that Payne was not an employee because his internship was unpaid. However, we need not and do not decide as a matter of first impression whether remuneration is a threshold requirement. Instead, we will affirm the District Court's judgment because there is no genuine dispute of fact that Payne was not an employee under the Darden factors.

[3] Payne also states that the District Court erred in refusing to refer his case to arbitration but it is unclear what order Payne seeks to contest and he has failed to make any argument in his brief beyond this vague statement. We have reviewed the record below and have determined that the District Court properly evaluated Payne's various motions. Accordingly, to the extent that Payne attempted to raise a separate claim concerning arbitration, we find this argument forfeited. See Barna v. Bd. of Sch. Dirs. of Panther Valley Sch. Dist., 877 F.3d 136, 145–46 (3d Cir. 2017) (noting that "we have consistently refused to consider ill-developed arguments" or those not properly preserved due to passing and conclusory statements).